Slip Op. 18-40

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HAIXING JINGMEI CHEMICAL PRODUCTS SALES CO., LTD., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>ARCH CHEMICALS, INC., <br><br>    Defendant-Intervenor. | Before: Mark A. Barnett, Judge <br> Court No. 17-00084 <br><br> **PUBLIC VERSION** |

## OPINION AND ORDER

[Remanding to the Department of Commerce to redetermine whether Plaintiff's sale subject to the new shipper review was *bona fide*.]

Dated: April 10, 2018

Gregory S. Menegaz, J. Kevin Horgan, Judith L. Holdsworth, and Alexandra H. Salzman, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiff.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With him on the brief were Chad A. Readler, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, and Courtney D. Enlow, Trial Attorney. Of counsel on the brief was Jessica DiPietro, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Peggy A. Clarke, Law Offices of Peggy A. Clarke, of Washington, DC, for Defendant-Intervenor.

Barnett, Judge: Plaintiff, Haixing Jingmei Chemical Products Sales Co., Ltd. ("Plaintiff" or "Jingmei") challenges the Department of Commerce's ("Commerce" or "the agency") final decision to rescind the new shipper review of the countervailing duty order on calcium hypochlorite from the People's Republic of China ("PRC").  *See Calcium Hypochlorite from the People's Republic of China*, 82 Fed. Reg. 15,494 (Dep't Commerce Mar. 29, 2017) (final decision to rescind the countervailing duty new shipper review of Haixing Jingmei Chemical Products Sales Co., Ltd.) ("*Final Rescission*"), ECF No. 18-2, and accompanying Issues and Decision Mem., C-570-009 (Mar. 23, 2017) ("I&D Mem."), ECF No. 18-3.[1]  Plaintiff argues that the agency's decision to rescind Plaintiff's new shipper review due to insufficient information to conduct a *bona fide* analysis of Plaintiff's sale during the period of review ("POR") is unsupported by substantial evidence and not in accordance with law.  *See* Confidential Pl. Haixing Jingmei Chemical Products Sales Co., Ltd. Mem. in Supp. of Mot. for J. on the Agency R. ("Pl.'s Br.") at 1, 12-29, ECF No. 23; Pl. Haixing Jingmei Chemical Products Sales Co., Ltd. Reply Br. ("Pl.'s Reply") at 6-12, ECF No. 32.  Plaintiff further contends that the agency's decision to rescind the new shipper review for the reasons it stated amounts to an adverse inference against Jingmei, a cooperating party.  Pl.'s Br. at 35-36. Defendant United States ("Defendant" or the "Government") and Defendant-Intervenor Arch Chemicals, Inc. ("Arch Chemicals") support the agency's decision.  *See*

---

[1] The administrative record is divided into a Public Administrative Record ("PR"), ECF No. 18-5, and a Confidential Administrative Record ("CR"), ECF No. 18-4.  Parties submitted joint appendices containing all record documents cited in their briefs. *See* Public Joint App. ("PJA"), ECF No. 34; Confidential Joint App. ("CJA"), ECF Nos. 33, 33-1.  The court references the confidential versions of the relevant record documents, if applicable, unless otherwise specified.

Confidential Def-Int. Arch Chemicals, Inc. Br. in Resp. to Pl.'s Mot. for J. on the Agency R. ("Def.-Int.'s Resp."), ECF No. 25; Confidential Def.'s Mem. in Opp'n to Pl.'s Mot. for J. Upon the Agency R. ("Def.'s Resp."), ECF No. 28. For the reasons discussed below, the court finds that Commerce's decision is not supported by substantial evidence, and remands this matter for the agency to redetermine, consistent with this opinion, whether Plaintiff's sale subject to the new shipper review was *bona fide*.

    **I.**    **BACKGROUND**

On January 30, 2015, Commerce published a countervailing duty order on calcium hypochlorite from the PRC establishing a countervailing duty rate of 65.85 percent for exporters and producers not individually investigated.  *Calcium Hypochlorite from the People's Republic of China*, 80 Fed. Reg. 5,082, 5,083 (Dep't Commerce Jan. 30, 2015) (countervailing duty order) ("*CVD Order*").  On November 20, 2015, Plaintiff, a Chinese exporter of calcium hypochlorite, and the affiliated producer of its subject merchandise, Haixing Eno Chemical Co., Ltd. ("Eno"), filed a request for new shipper review.  *See* Entry of Appearance and Request for New Shipper Review (Nov. 20, 2015) ("NSR Request") at 1-2, CJA 4, CR 1, PJA 4, PR 1, ECF No. 33.  In response, Commerce initiated a review of the *CVD order* with respect to Jingmei and Eno.  *See Calcium Hypochlorite from the People's Republic of China*, 81 Fed. Reg. 11,516 (Dep't Commerce Mar. 4, 2016) (initiation of countervailing duty new shipper review; 2014-2015) ("*Initiation*").

    The POR was May 27, 2014, through December 31, 2015.  *Id.* at 11,516. Jingmei and Eno had only one reviewable sale to the United States during the POR. Prelim. Mem. on *Bona Fide* Nature of the Sale in the Countervailing Duty New Shipper

Review of Calcium Hypochlorite from the People's Republic of China (Dec. 27, 2016) ("Prelim. *Bona Fide* Mem.") at 2, CJA 3, CR 35, PJA 3, PR 51, ECF No. 33.[2]  Between March 4, 2016 and October 28, 2016, Commerce sent questionnaires to Jingmei, Eno, Company X,[3] and Company Y seeking information relevant to the list of factors Commerce uses to determine whether a sale subject to new shipper review is *bona fide*. *See infra* Part III; Final I&D Mem. at 13 & n.96.[4]  On January 3, 2017, Commerce published its preliminary intent to rescind the new shipper review because it "requested but [was] not provided sufficient information to determine whether, and conclude that,

---

[2] Jingmei and Eno had two sales of subject merchandise to the United States during the POR: one sale and entry of merchandise into the United States occurred in December 2014, and another sale was made on May 19, 2015 and merchandise entered the United States on June 13, 2015.  NSR Request at 2; Prelim. *Bona Fide* Mem. at 2; *see also* Business Proprietary Information Mem. for Final Rescission of the Countervailing Duty New Shipper Review of Calcium Hypochlorite from the People's Republic of China: Haixing Jingmei Chemical Products Sales Co., Ltd. ("Final BPI Mem.") at Note 1, CJA 23, CR 43, PJA 23, PR 62, ECF No. 33-1.  Commerce, however, reviewed only the second sale because "the first sale made entry into the United States during the 'gap' period from the countervailing duty investigation, in which [Commerce] instructed U.S. Customs [and] Border Protection ("CBP") not to suspend liquidation for CVD purposes." Prelim. *Bona Fide* Mem. at 2; Final BPI Mem. at Note 1.  The "gap" period was between September 24, 2014, the date on which Commerce instructed CBP to discontinue suspension of liquidation pursuant to 19 U.S.C. § 1671b(d), and January 26, 2017, "the date prior to the date of publication of the [International Trade Commission's] final determination in the Federal Register." *See CVD Order*, 80 Fed. Reg. at 5,083; *Calcium Hypochlorite from China*, 80 Fed. Reg. 4,312 (ITC Jan. 27, 2015) (final determination).

[3] The sale under review involved Eno and Jingmei as producer and seller, respectively; [[                    ]], a [[       ]] based reseller of swimming  pool supplies, denoted here for confidentiality purposes as Company X; and [[                  ]], the ultimate U.S. customer, denoted here for confidentiality  purposes as Company Y.  Final BPI Mem. at Note 1.  Jingmei sold the subject  merchandise produced by Eno to Company X, which then sold it to Company Y.  *Id*.

[4] Commerce issued a countervailing duty questionnaire on March 4, 2016, and the fourth (last) supplemental questionnaire on October 28, 2016.  *See* Dep't Commerce Countervailing Duty Questionnaire (Mar. 4, 2016), CJA 7, PJA 7, PR 11-13, ECF No. 33; Dep't Commerce Fourth Suppl. Questionnaire (Oct. 28, 2016), CJA 16, CR 31, PJA 16, PR 40, ECF No. 33-1.

Jingmei's sale of subject merchandise to the United States was *bona fide*." *Calcium Hypochlorite from the People's Republic of China*, 82 Fed. Reg. 83 (Dep't Commerce Jan. 3, 2017) (preliminary intent to rescind the new shipper review of Haixing Jingmei Chemical Products Sales Co., Ltd.). Commerce preliminarily found that it was unable to fully analyze whether Jingmei's sale was *bona fide* pursuant to 19 U.S.C § 751(a)(2)(B)(iv) because "parties to the NSR repeatedly refused to provide sufficient information" that Commerce deemed necessary to conduct that analysis. Prelim. *Bona Fide* Mem. at 1. Following case and rebuttal briefs by Jingmei and Arch Chemicals, Commerce issued its final decision to rescind the review for the asserted reason that it had insufficient information to conduct a *bona fide* analysis of the sale under review. *See Final Rescission*, 82 Fed. Reg. at 15,495 ("Based on our analysis of the comments received, we make no changes to the preliminary intent to rescind."); *see also* I&D Mem.

## II. JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to § 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012),[5] and 28 U.S.C. § 1581(c) (2012). The court will uphold an agency's determination that is supported by substantial evidence on the record and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

---

[5] All citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, 2012 edition, and all references to the United States Code and the Code of Federal Regulations are to the 2012 edition, unless otherwise stated.

### III. ANALYSIS

Pursuant to 19 U.S.C. § 1675(a)(2)(B)(i), if Commerce receives a request from a new exporter or producer that did not export merchandise subject to a countervailing duty order to the United States during the period of investigation, and it is not affiliated with any exporter or producer that did export, Commerce must conduct a review to establish an individual countervailing duty rate for that exporter or producer. 19 U.S.C. § 1675(a)(2)(B)(i) (2016).[6] In addition, Commerce's regulation requires that the exporter or producer must have "exported, or sold for export, subject merchandise to the United States." 19 C.F.R. § 351.214(b)(1). "The purpose of a new shipper review is to provide an opportunity to an exporter or producer who may be entitled to an individual [countervailing duty] rate, but was not active during the investigation, to be considered for such a rate." *Marvin Furniture (Shanghai) v. United States*, 36 CIT ___, ___, 867 F. Supp. 2d 1302, 1307 (2012). The statute requires Commerce to determine an individual countervailing duty rate for a new exporter or producer "based solely on the *bona fide* [U.S.] sales" of that exporter or producer during the period of review. 19 U.S.C. 1675(a)(2)(B)(iv). In determining whether U.S. sales are *bona fide*, Commerce

> shall consider, depending on the circumstances surrounding such sales--
>
> (I) the prices of such sales; (II) whether such sales were made in commercial quantities; (III) the timing of such sales; (IV) the expenses arising from such sales; (V) whether the subject merchandise involved in such sales was resold in the United States at a profit; (VI) whether such sales were made on an arms-length basis; and (VII) any other factor the administering authority determines to be relevant as to whether such sales are, or are not, likely to be typical of those the exporter or producer will make after completion of the review.

---

[6] Citations to 19 U.S.C. § 1675 are to the 2016 U.S. Code edition.

19 U.S.C. § 1675(a)(2)(B)(iv).[7]

The regulations provide the circumstances under which Commerce may rescind a review. *See* 19 U.S.C. § 351.214(f). Commerce may rescind a review if it concludes that two conditions have been met: (1) "there has not been an entry and sale to an unaffiliated customer in the United States of subject merchandise" during the period of review, and (2) that "an expansion of the normal period of review to include an entry and sale to an unaffiliated customer in the United States of subject merchandise would be likely to prevent the completion of the review within the [required] time limits." 19 C.F.R. § 351.214(f)(2). Although the regulation addressing rescission of a new shipper review does not mention a *bona fide* requirement, "Commerce interprets the term 'sale' in [19 C.F.R.] § 351.214(f)(2)(i) to mean that a transaction it determines not to be a *bona fide* sale is, for purposes of the regulation, not a sale at all." *Shijiazhuang Goodman Trading Co. v. United States*, 40 CIT __, __, 172 F. Supp. 3d 1363, 1373 (2016). Thus, it follows that when Commerce determines that the sale subject to new shipper review is not *bona fide*, it may rescind the review.

It is undisputed that Plaintiff met the statutory and regulatory requirements for initiation of the new shipper review. In its notice of initiation, Commerce stated that "[p]ursuant to [19 U.S.C. § 1675](a)(2)(B) . . .[ and] 19 CFR 351.214(b)," the NSR Request "meets the threshold requirements for initiation of the [new shipper review] for shipments of calcium hypochlorite from the PRC produced by Eno Chemical and

---

[7] For a discussion on the history of new shipper reviews and Congress' recent codification of Commerce's "totality of the circumstances" test to determine whether a sale transaction is *bona fide* for the purposes of a new shipper review, *see Haixing Jingmei Chem. Prod. Sales Co. v. United States*, 41 CIT__,__277 F. Supp. 3d 1375, 1381-82 & nn.7-8 (2017).

exported by Jingmei Chemical." *Initiation*, 81 Fed. Reg. at 11,516. In its final determination, Commerce did not make any contrary findings with respect to the statutory requirements, 19 U.S.C. § 1675(a)(2)(B)(i), but did not reach a final determination on whether or not Jingmei's single sale during the period of review was *bona fide*.

Commerce specifically found: "notwithstanding the [agency's] repeated requests, the record contains insufficient information for the [agency] to conduct a *bona fides* analysis, and conclude that the sale is *bona fide*." I&D Mem. at 6.  Commerce determined that the information provided does not substantiate payment for the sale and sale expenses, and that the information provided was insufficient to determine resale profit. I&D Mem. at 7-10.  Commerce identified the ways in which it sought information necessary to conduct the *bona fide* analysis, but the information was not provided in a manner satisfactory to the agency.  With respect to payment for the sale, Commerce sent Jingmei, Eno, Company X, and Company Y three supplemental questionnaires requesting information on the payment process and documentation to substantiate proof of payment.  *See* I&D Mem. at 7; Final BPI Mem. at Note 2.  Ultimately, Commerce determined that the parties' documentation was unreliable and, therefore, the parties failed to link any payment for the sale to the companies' books and records. I&D Mem. at 7-8; Prelim. *Bona Fide* Mem. at 9-10.  With respect to payment of sales expenses — Chinese inland freight, port charges, import duties, ocean freight, and U.S. inland freight — the agency sent four supplemental questionnaires to Jingmei, Company X, and Company Y seeking to determine which company incurred which expense related to the sale under review. *See* I&D Mem. at 8;

Prelim. *Bona Fide* Mem. at 8-9. The agency determined that the documentation provided by the companies in response to the supplemental questionnaires "failed to tie payment of expenses for the sale under review to the individual company's books and records," and that the companies "provided incomplete answers in response to the [agency's] ongoing requests" to link those expenses to the companies' accounting records. Prelim. *Bona Fide* Mem. at 9; I&D Mem. at 8.

In its analysis of whether the merchandise was resold at a profit, the agency explained that the relevant inquiry is whether the U.S. customer, Company Y, made a profit. I&D Mem. at 10. Commerce explained that Company Y provided only a limited number of invoices accounting for the resale of the subject merchandise, thereby complicating the agency's ability to determine resale of the merchandise based on all of Company Y's sales. *Id.* at 10; Final BPI Mem. at Note 5. When Commerce sent a supplemental request to Company Y for a complete list of its sales of the subject merchandise during the POI, Company Y responded with a list that included both subject and non-subject merchandise and no means to enable the agency determine which sales were of subject merchandise. I&D Mem. at 10; Final BPI at Note 5.

The first issue, therefore, is whether Commerce properly rescinded the new shipper review based upon its asserted inability to complete the *bona fide* analysis because of the failure of Eno, Jingmei and Jingmei's downstream customers to provide sufficient information as requested by the agency. Jingmei argues that Commerce's decision is unsupported by substantial evidence because the agency had enough information to find that its sale was *bona fide*. *See* Pl.'s Br. at 12-29; Pl.'s Reply at 9-12. Jingmei requests a remand with instruction to Commerce similar to the court's recent

remand instruction in *Haixing Jingmei,* 277 F. Supp. 3d 1375, for the agency to "properly analyze the *bona fide* nature of Jingemei's sale" and, as necessary, "to apply facts available to the perceived lack of record information pertaining to the accounting records of" Company X and Company Y. Pl.'s Reply at 4.[8] The Government and Arch Chemicals argue that the information Plaintiff provided was insufficient to enable Commerce to conduct its *bona fide* analysis, and Plaintiff failed to meet its burden of proof in demonstrating that its sale was *bona fide*. *See* Def.'s Resp. at 17-36; Def.-Int.'s Resp. at 2, 5-11.

The court finds that substantial evidence does not support the agency's decision to rescind the new shipper review due to lack of sufficient information to conduct the statutory *bona fide* analysis. As the court recently stated,

> Commerce does not possess subpoena power to require the respondent or any other interested party to respond to information requests. *See Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1338 (Fed. Cir. 2016) (citing *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990)). Rather, Congress gave the agency the authority to use facts available to fill any gaps in the record and, when certain conditions are present, to make an adverse inference in the selection of the available facts (referred to as "adverse facts available" or "AFA"). See 19 U.S.C. §§ 1677e(a),(b). In other words, Congress has established a statutory scheme in which it ensured that the agency will have enough information to make its determinations, whether provided by an interested party in response to an information request or otherwise selected by the agency.

*Haixing Jingmei,* 277 F. Supp. 3d at 1383.

As in *Haixing Jingmei,* 277 F. Supp. 3d at 1383, although Commerce here claims it lacked sufficient information to find that the sale is *bona fide*, it did not

---

[8] The court considered a similar issue in the antidumping new shipper review of Jingmei in *Haixing Jingmei,* 277 F. Supp. 3d 1375, which involved the same parties and same sale transaction, except that it also included Jingmei's first sale discussed in *supra* note 2.

use facts available, with or without an adverse inference, to fill any asserted gaps in the record. I&D Mem. at 9 ("[N]o adverse inferences have been drawn against Jingmei in rescinding this review."); *id.* at 14 ("[T]he facts otherwise available and use of adverse inference statutory provisions have not been applied in this case."). Pursuant to 19 U.S.C. § 1677e(a), when "necessary information is not available on the record," or an interested party "withholds information" requested by Commerce, "significantly impedes a proceeding," "fails to provide [] information by the deadlines for submission of the information," or provides information that cannot be verified pursuant to 19 U.S.C. § 1677m(i), Commerce "shall . . . use the facts otherwise available." 19 U.S.C. § 1677e(a)(2).[9] Additionally, if Commerce determines that the party "has failed to cooperate by not acting to the best of its ability to comply with a request for information," it "may use an inference that is adverse to the interests of that party in selecting from among the facts otherwise available." *Id.* § 1677e(b). Thus, in light of the statutory authority to provide gap-filling information on any record when and as justified, the court cannot find that the agency's decision to rescind the new shipper review due to insufficient information is supported by substantial evidence.

> Additionally, as the court explained recently:
>
> By avoiding the use of facts available and, instead, rescinding the review based on an asserted lack of information, the agency potentially evades the[] statutory constraints while creating the effect of applying an adverse

---

[9] Commerce's authority to use the facts otherwise available is subject to 19 U.S.C. § 1677m(d). *See* 19 U.S.C. § 1677e(a). Section 1677m(d) provides the procedures Commerce must follow when a party files a deficient submission. *See id.* § 1677m(d).

inference.[10] By remanding this determination to the agency to determine whether the sales in question were *bona fide*, the court will be in a better position to evaluate whether that redetermination is supported by substantial evidence and otherwise in accordance with law.

*Haixing Jingmei,* 277 F. Supp. 3d at 1383. Accordingly, for the foregoing reasons, the court will remand this matter to the agency for redetermination. Jingmei's remaining arguments are deferred pending the agency redetermination. To the extent that Jinmei continues to challenge the redetermination, it should be clear in its briefing which issues it continues to challenge.

## CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby

**ORDERED** that Commerce's *Final Rescission* is remanded to Commerce so that it may determine whether Plaintiff's sale during the period of review was *bona fide* as discussed in Section III; it is further

**ORDERED** that Commerce shall file its remand redetermination on or before July 9, 2018; and it is further

**ORDERED** that subsequent proceedings shall be governed by USCIT Rule 56.2(h) and the court's Standard Chambers Procedures.

/s/   Mark A. Barnett
Judge

Dated: April 10, 2018
        New York, New York

---

[10] *See, e.g., supra* note 9; 19 U.S.C. 1677e(c) (corroboration of secondary information).